UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON MAURICE AGER,

        Plaintiff,

-against-

RODGER GOODELL; ELEANOR SEAVEY,

        Defendants.

19-CV-8250 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, brings this *pro se* action under 42 U.S.C.§ 1983. He asserts that Defendants violated his rights under the Fifth Amendment by stealing his idea of "A Weekend of Fun and Greatness" for the National Football League (NFL) Pro Bowl game. By order dated October 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Rodger Goodell, the Commissioner of the NFL, and Eleanor Seavey, a paralegal with the NFL Legal Department. The following facts are taken from the complaint. On March 6, 2013, after reading a newspaper article concerning talks of the NFL cancelling the Pro Bowl game, Plaintiff wrote Goodell about a plan for a "Weekend of Fun and Greatness," which would move the Pro Bowl game from Hawaii to different stadiums and feature skill events. On March 18, 2013, Plaintiff received a letter from Seavey, informing him that the NFL and its club members did not accept unsolicited proposals, along with a copy of his unreviewed plan.

But in January 2014, the NFL moved the Pro Bowl game from Hawaii to Arizona, playing it a week before the Super Bowl, as Plaintiff had proposed in his plan. Further, in January 2018, the NFL held the Pro Bowl in Orlando, Florida, and featured skill challenges, including a few of the events proposed in Plaintiff's plan. The NFL had never done skill challenges or moved the Pro Bowl from Hawaii to other stadiums until after Plaintiff presented his plan for a Weekend of Fun and Greatness. Because of the changes, NFL fans have become more involved and the Pro Bowl ratings are higher.

Plaintiff believes that Goodell read and liked his plan and decided to implement it. He claims that Goodell and Seavey conspired to steal his plan without providing him any compensation, thus violating the Fifth Amendment to the Constitution. Plaintiff seeks $20,0000,000.00 in compensation.

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, asserting that Defendants Rodger Goodell and Eleanor Seavey of the NFL violated his rights under the Fifth Amendment. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Goodell and Seavey are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ASll other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 25, 2019
        New York, New York

                                                        COLLEEN McMAHON
                                             Chief United States District Judge