USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON MAURICE AGER,

Plaintiff,

-against-

ROGER GOODELL; ELEANOR SEAVEY,

Defendants.

19-CV-8250 (CM)

ORDER

COLLEEN MCMAHON, United States District Judge:

Plaintiff filed this action *pro se*. On October 25, 2019, the Court dismissed the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). On August 20, 2026, Plaintiff filed a motion for reconsideration under Rule 60(b)(b) of the Federal Rules of Civil Procedure, challenging the Court's October 25, 2019 dismissal order. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## BACKGROUND

Plaintiff filed this action against Rodger Goodell, the Commissioner of the NFL, and Eleanor Seavey, a paralegal with the NFL Legal Department. He asserted claims under the Fifth Amendment to the United States Constitution. The Court treated the claims as arising under 42 U.S.C. § 1983 and dismissed the complaint because Plaintiff cannot assert constitutional claims against private parties. (*See* ECF 5, at 3) ("As Defendants Goodell and Seavey are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983."). The Court declined to grant Plaintiff leave to amend.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

Copies mailed/faxed/handed to counsel on 9/22/2026

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff argues that the Court did not provide him a "full and fair opportunity to litigate a Fourteenth Amendment violation" before dismissing this action. (ECF 7, at 1.) In its order of dismissal, the Court had held that Plaintiff's Fifth Amendment claims could not proceed because constitutional claims cannot be asserted against private parties. In short, it would have been an exercise in futility for the litigation to proceed, and the court was under no obligation to do so. This same analysis applies to any Fourteenth Amendment claims Plaintiff now wishes he had asserted against Defendants.

Accordingly, because Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6), *see Ackermann v. United States*, 340 U.S. 193, 199-202 (1950), the Court denies his motion for reconsideration.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 7) is denied. The Clerk of Court is directed to terminate this motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 9/22/2026
New York, New York

COLLEEN McMAHON
United States District Judge